IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                  No. CR S-08-0453 LKK KJN P

    vs.

JESS VERNON BRASIER,

        Movant.                      <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 23, 2012, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Movant has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. The court views Petitioner's claim through a different lens than the magistrate judge and, therefore, dismisses Petitioner's September 15, 2011 motion to vacate, set aside, or correct his sentence, ECF No. 109, in part, and transfers Petitioner's motion to the Central District of California, in part, for the reasons provided herein.

1

**A. Petitioner's Claims are Properly Brought Under Both 28 U.S.C. § 2241 and 28 U.S.C. § 2255.**

In his objections to the findings and recommendations, Petitioner argues that his habeas petition is brought under 28 U.S.C. § 2241, and not 28 U.S.C. § 2255, because he is "not trying to reduce [his] sentence," but instead, his petition "challenges the *execution* of [his] sentence." Pet'r's Objections, ECF No. 132, at 2 (emphasis included). Petitioner explains that he is "trying to become eligible for the early release incentive for [his] completion of [the Residential Drug Abuse Program ("RDAP")]," that he "do[es] not understand that [his] sentence precludes that incentive," and that he received ineffective assistance of counsel because his "attorney repeatedly told [him] that the inclusion of the weapons [sentencing] enhancement made no difference." Id.

Federal prisoners may appropriately resort to the traditional remedy of federal habeas corpus, pursuant to 28 U.S.C. § 2241, where his remedy under § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). Courts refer to this provision of § 2255 as the "savings clause." Hernandez, 204 F.3d at 864, n.2.

Generally, motions to contest the legality of a sentence must be filed under § 2255, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241. Hernandez, 204 F.3d at 864 (citing Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)); see also Benny v. U.S. Parole Comm'n, 295 F.3d 977, 988 (9th Cir. 2002) ("[a] § 2241 habeas petition challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States'") (internal citations omitted). Furthermore, a habeas petition filed pursuant to § 2241 must be heard in the custodial court (here, the Central District of California), while § 2255 motions must be heard in the sentencing court (here, the Eastern District of California). Hernandez, 204 F.3d at 865 (citing,

inter alia, Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)).  That is, if Brasier's petition is construed as a petition pursuant to § 2241, the Central District of California has exclusive jurisdiction over that § 2241 petition; whereas, if Brasier's petition is construed as a petition pursuant to § 2255, the Eastern District of California has exclusive jurisdiction over that § 2255 petition.

The "savings clause" provides a very narrow exception.  See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003), *cert. denied*, 540 U.S. 1051, 124 S.Ct. 807, 157 L.Ed.2d 702 (2003). The burden of showing that the § 2255 remedy is inadequate or ineffective rests with the petitioner.  See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner correctly indicates that a number of district courts outside of the Ninth Circuit have considered a petitioner's challenge to the BOP's determination that he is not eligible for the Residential Drug Abuse Program as a challenge to the *execution* of a petitioner's sentence, and thus within the ambit of 28 U.S.C. § 2241, as opposed to challenges to the legality of the petitioner's sentence itself, which are more properly brought pursuant to 28 U.S.C. § 2255.  See, e.g., Sledge v. Wilner, No. 1:09-cv-00221, 2010 WL 717852, at *2 (D. Colo. Feb. 24, 2010); Raynor v. Shartle, No. 4:08-cv-1688, 2009 WL 1661913, at *2 (N.D. Ohio June 15, 2009); Fuentes v. Samuels, No. 07-2336, 2008 WL 442211, at *5 (D.N.J. Feb. 14, 2008); Cushenberry v. Fed. Medical Ctr., 530 F.Supp.2d 908, 911 (E.D.Ky. 2008); see also 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 41.2(b) (6th ed. 2011).[1]

---

[1] The Ninth Circuit has held that a prisoner may file a § 2241 petition under the "savings clause" or "escape hatch" when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  Marrero v. Ives, –- F.3d –-, 2012 WL 2306496, at *1 (9th Cir. June 19, 2012) (citing Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)); Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003).  However, these Ninth Circuit cases providing the two-step innocence caveat specifically addressed situations in which the petitioner was, at bottom, attempting to use § 2241 to challenge the legality of his conviction or sentence, as opposed to the execution of his sentence.  See Marrero v. Ives, No. 08-cv-1853, 2009 WL 799253, at *1 (E.D. Cal. March 23, 2009) ("[A]lthough petitioner filed the instant petition on a § 2241 habeas form, he is attempting to challenge the legality of his conviction, not the manner, location, or conditions of the execution of his sentence."); Stephens, 464 F.3d at 898 ("The claim Stephens seeks to present in his § 2241 motion is that his jury was given an

3

On one hand, the magistrate judge reasonably determined that Petitioner's claim challenges the legality of his sentence, and is therefore properly brought under § 2255, because Petitioner initially sought an order seeking the removal of the weapons sentencing enhancement in his pre-sentence report. See Pet'r's Mot., ECF No. 109. Thus, insofar as Brasier is challenging the inclusion of the two-point weapons possession enhancement in his pre-sentencing report, that claim is properly brought under § 2255, and the Eastern District of California has exclusive jurisdiction over that claim.

On the other hand, however, Petitioner's motion also indicates that he seeks removal of his weapons enhancement not for the purpose of contesting his imposed sentence, but in order to be entitled to early release following his completion of the RDAP. See id. at 2-3. Construing petitioner's pro se filing liberally, Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010), this court therefore also interprets Petitioner's habeas motion as a challenge to the BOP's determination that he is ineligible for early release as part of the RDAP, due to the weapons possession enhancement in his pre-sentence report.[2] As a motion to essentially challenge the

---

erroneous instruction"); Ivy, 328 F.3d at 1058-59 ("Ivy claims[] the indictment was defective and he is legally innocent of the [continuing criminal enterprise] charge."). Thus, these cases do not disturb the general rule that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241." Hernandez, 204 F.3d at 864 (citing Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)).

[2] Petitioner's claim in this regard is not without precedent. Congress has provided, in 18 U.S.C. § 3621(e)(2)(B), that the Bureau of Prisons ("Bureau" or "BOP") may reduce by up to one year the prison term of an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program.

In Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the Supreme Court held that the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations categorically denying the early release incentive associated with RDAP to prisoners who possessed a firearm in connection with their current nonviolent offenses, and that it was reasonable for the BOP to do so. The Supreme Court further provided that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Lopez, 531 U.S. at 241, 121 S.Ct. 714.

Following the Supreme Court's ruling in Lopez, however, the Ninth Circuit ruled that, with respect to the categorical exclusion of inmates convicted of offenses involving firearms, the BOP's promulgation of § 550.58(a)(1)(vi)(B) (2000) violated the Administrative Procedure Act

1  execution of his sentence, and not the imposed sentence itself, this motion is therefore also
2  properly brought under 28 U.S.C. § 2241.

   Because a habeas petition filed pursuant to § 2241 must be heard in the custodial court, and Petitioner is currently incarcerated at the Terminal Island Federal Correctional Institution in San Pedro, California, Petitioner's claim to challenge his eligibility for early release as part of the RDAP is transferred to the Central District of California, pursuant to 28 U.S.C. § 1631. See Hernandez, 204 F.3d at 865, n.6 (providing that § 1631 is the proper transfer statute to cure want of jurisdiction).

**B. Petitioner's 28 U.S.C. § 2255 Claim Fails to Establish Ineffective Assistance of Counsel**

The magistrate judge interpreted Brasier's petition as one challenging the legality of his sentence based on the inclusion of the two-point weapons possession enhancement in his pre-sentence report. See Findings & Recommendations, ECF No. 131, at 1-2. As such, the magistrate judge recommended denying Petitioner's § 2255 motion, finding that: (1) the Petitioner's claim raised a non-constitutional sentencing error; (2) the Petitioner's claim was barred by the statute of limitations; and (3) the Petitioner, in his plea agreement, waived his right to bring a § 2255 action challenging his sentence. Id. at 2-5. The magistrate judge explicitly did not analyze Petitioner's claim as one alleging ineffective assistance of counsel. Id. at 5 ("Movant's § 2255 motion does not allege . . . that his plea was involuntary due to ineffective assistance of counsel.").

Petitioner's motion, however, stated that he was not told that the two-point weapons possession enhancement would affect his eligibility for early release as part of the RDAP until after he completed the RDAP. See Pet'r's Mot., ECF No. 109, at 2-3. Furthermore, in his reply to the government's opposition to his motion, Brasier characterized his motion as one based on

---

(APA) because "the administrative record contain[ed] no rationale explaining the Bureau's decision to categorically exclude prisoners with convictions involving firearms from eligibility for early release under § 3621(e)," and therefore, the final rule was invalid with respect to that categorical exclusion. See Arrington v. Daniels, 516 F.3d 1106, 1112-13 (9th Cir. 2008).

"ineffective assistance of counsel at the time of the plea agreement and sentencing" because Brasier's attorney allegedly "assured [Brasier] numerous times that the enhancement would have no effect on the length of [his] incarceration." Def's Reply, ECF No. 128, at 1-3. In his opposition to the magistrate judge's findings and recommendations, Brasier again characterized his petition as one based on a claim of ineffective assistance of counsel. See Pet'r's Objections, ECF No. 132, st 5-6. Thus, construing petitioner's pro se filing liberally, Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010), and contrary to the magistrate judge's findings in this regard, the court here interprets Petitioner's § 2255 claim as a one based on ineffective assistance of counsel.

As a claim for ineffective assistance of counsel, however, Petitioner's § 2255 motion fails. As noted by the magistrate judge, the plea agreement, signed by Petitioner, states that the parties stipulated that Brasier was in possession of a firearm at the time of his arrest and that the firearm possession warranted a two-point enhancement affecting the sentencing guidelines calculation. Plea Agreement, ECF No. 118, Ex. 5, at 7. In order to contest the inclusion of the two-point weapons enhancement in the plea agreement, Petitioner must be arguing that this aspect of the plea agreement was invalid.

A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by showing that: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S.Ct. 366, 888 L.Ed.2d 203 (1985); Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007). A reasonable probability is a probability sufficient to undermine confidence in the outcome. LePage v. Idaho, 851 F.2d 251, 257 (9th Cir. 1988).

As to the first prong of the Strickland test, Brasier argues that his "attorney had a duty to

argue against the enhancement" due to the negative effect that the enhancement had upon his eligibility for early release under RDAP. Def's Reply, ECF No. 128, at 10. Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness (and thus the validity) of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (citing McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). In Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir. 1986), the Ninth Circuit, addressing "the failure to inform a defendant of when he will become eligible for release from incarceration under the sentence he received," indicated that, because "[e]arly release is purely discretionary and provides a benefit to the prisoner," a counsel's failure to advise a defendant of his eligibility for early release does not render a plea involuntary. Id.[3] Under the reasoning provided in Carter, even though Brasier's counsel allegedly failed to advise him of the effect of his weapons enhancement upon his eligibility for RDAP, because the possibility of an RDAP sentence reduction is discretionary and beneficial to Brasier, counsel's failure likely did not fall outside of the acceptable range of competence demanded of attorneys in criminal cases, and did not render Brasier's plea to the weapons enhancement invalid. See also Beckley v. Miner, 125 F. App'x 385, 388 (3rd Cir. 2005) (an applicant's admission into the RDAP has "only the potential for a discretionary sentence reduction").

    Furthermore, even if counsel's failure to inform Brasier of the effects of the weapons

---

[3] Note that, here, the Ninth Circuit's reasoning in analyzing effective assistance of counsel is based on a perceived distinction between direct and collateral consequences of a guilty plea. See Carter, 806 F.2d at 1375 ("[A] plea of guilty can be voluntary only if it is 'entered by one fully aware of the *direct* consequences' of his plea.") (citing Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). In Padilla v. Kentucky, 130 S.Ct. 1473, 1481, 176 L.Ed.2d 284 (2010), however, the Supreme Court acknowledged that many courts rely on this distinction between direct and collateral consequences in analyzing effective assistance of counsel, and specifically observed, "We . . . have never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under Strickland." The use of this distinction between direct and collateral consequences in determining effective assistance of counsel should, therefore, likely be called into question.

possession enhancement on RDAP eligibility "fell below an objective standard of reasonableness," Petitioner fails to establish the second, "resultant prejudice," prong of the Strickland test. Womack, 497 F.3d at 1002. Petitioner does not assert, and there is nothing in the record to suggest that, had he known the weapons enhancement would render him ineligible for early release under the RDAP, he would not have accepted the plea agreement and would, instead, have insisted on going to trial. See Hill, 474 U.S. at 59.

Because Petitioner fails to meet the Strickland standard, his § 2255 motion, premised on a theory of ineffective assistance of counsel, fails.

Accordingly, IT IS HEREBY ORDERED that:

[1] Petitioner's motion to vacate, set aside, or correct his sentence, ECF No. 109 presents, in fact, two petitions.

   [a] Insofar as Petitioner's motion, ECF No. 109, is a 28 U.S.C. § 2241 motion to challenge to the BOP's determination that he is ineligible for early release due to the weapons possession enhancement in his pre-sentence report, that § 2241 motion TRANSFERRED to the Central District of California, pursuant to 28 U.S.C. § 1631.

   [b] Insofar as Petitioner's motion, ECF No. 109, is a 28 U.S.C. § 2255 motion to challenge the inclusion of the two-point weapons possession enhancement in his pre-sentencing report based on a claim of ineffective assistance of counsel, that motion is DISMISSED.

[2] The Clerk of the Court is directed to close the companion civil case No. 2:11-cv-2524 LKK KJN P.

DATED: July 26, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT