IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

JESS VERNON BRASIER,

    Movant.

No. CR S-08-0453 LKK KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Pending before the court is the motion for return of property filed on behalf of movants Jess Raymond Brasier and Deborah Ann Brasier. (ECF No. 133.) Deborah Ann Brasier is the mother of Jess Raymond Brasier.

Movants seek return of a 2000 Ford F-350 Truck (VIN # 1FTWW3251YEE45001) that was seized by federal agents in September 2008 during a search of the Brasier family ranch in Oroville, California. Movants jointly own the truck. Defendant Jess Vernon Brasier later pled guilty to conspiracy to manufacture marijuana. Defendant Jess Vernon Brasier is married to movant Deborah Ann Brasier and is movant Jess Raymond Brasier's father. Neither movant Jess Raymond Brasier nor movant Deborah Ann Brasier were charged with any crimes.

1

The grounds of the pending motion are that movants did not receive adequate notice of the administrative forfeiture proceedings regarding their truck. For the following reasons, the motion for return of property should be denied.

II. Background

On September 16, 2008, a search was conducted of three adjoining properties owned by the Brasier family: 57 Nelsier Place, Oroville, California; 22 Nelsier Place, Oroville, California; and 2091 Debbie Ann Court, Oroville, California. (ECF No. 118-1 at 3-5.) Agents found over three hundred marijuana plants growing on plots on the properties. (Id.) The at-issue truck was referred by the Drug Enforcement Administration's ("DEA") Sacramento field office to DEA Forfeiture Counsel to initiate administrative forfeiture proceedings. (ECF No. 138-1 at 2.)

On November 3, 2008, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of the seizure of the truck by certified mail, return receipt requested, to Jess Vernon Brasier, aka Jess Raymond Brasier, 57 Nelsier Place, Oroville, California. (Id. at 2, 9.) On November 6, 2008, the notice was claimed and signed by movant Deborah Brasier as having been delivered. (Id. at 2-3, 10.) On the notice, someone crossed out the "aka" between the names Jess Vernon Brasier and Jess Raymond Brasier and wrote "or." (Id. at 10.)

On November 3, 2008, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983, the DEA sent written notice of the seizure of the truck by certified mail, return receipt requested, to Jess Vernon Brasier, aka Jesse Raymond Brasier, 22 Nelsier Place, Oroville, California. (Id. at 3, 11.) On November 6, 2008, the notice was claimed and signed by movant Deborah Brasier as having been delivered. (Id. at 3, 12.) On the notice, someone crossed out the "aka" between the names Jess Vernon Brasier and Jess Raymond Brasier and wrote "or." (Id. at 12.)

On November 3, 2008, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983, the DEA sent written notice of the seizure of the truck by certified mail, return receipt requested, to Jess Vernon Brasier aka Jess Raymond Brasier, c/o Tim Zindel, Esq., 700 H. Street, Suite 0270,

Sacramento, California, 95814. (Id. at 3, 13.) On December 8, 2008, the notice was returned as "Not Deliverable as Addressed." (Id. at 3, 14.)

On November 3, 2008, pursuant to 19 U.S. C. § 1607(a) and 18 U.S.C. § 983, the DEA sent written notice of the seizure of the truck by certified mail, return receipt requested, to movant Deborah Ann Brasier, 57 Nelsier Place, Oroville, California. (Id. at 3, 15.) On November 6, 2008, the notice was claimed and signed by movant Deborah Brasier as having been delivered. (Id. at 3, 16.)

On November 3, 2008, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983, the DEA sent written notice of the seizure by certified mail, return receipt requested, to movant Deborah Ann Brasier, 22 Nelsier Place, Oroville, California. (Id. at 3-4, 17.) On November 6, 2008, the notice was claimed and signed by movant Deborah Brasier as having been delivered. (Id. at 4, 10.)

Pursuant to 19 U.S.C. § 1607(a), the seizure of the truck was published in The Wall Street Journal, a newspaper of general circulation in the Eastern District of California, once each week for three consecutive Mondays: November 17, November 24, and December 1, 2008. (Id. at 4, 19.)

The published and mailed notices explained the option of filing a petition for remission or mitigation of forfeiture with the DEA Forfeiture Counsel within thirty days of the receipt of the notice. (Id. at 9, 11, 13, 15, 17.) The notices also informed the owners that if they wanted to contest the forfeiture in the United States District Court, they could file a claim with the Forfeiture Counsel of the DEA by December 8, 2008.[1] (Id.) If the written notice was not

---

[1] "A person who receives a notice of forfeiture has two options." West Chevrolet, Inc. v. U.S., 2009 WL 3488395 at *2 (D.Md. 2009). "'He may file a request for judicial forfeiture proceedings with the seizing agency,' which must then 'refer the request to the applicable United States Attorney, who ... files a complaint for forfeiture.'" Id., quoting Burman v. United States, 472 F.Supp.2d 665, 666 (D.Md .2007). "Alternatively, '[t]he claimant may ... elect to remain in the administrative forum by filing a petition for remission or mitigation.' Id.; 28 C.F.R. §§ 9.1–9.9 (2009)." Id., quoting Burman, 472 F.Supp.2d at 666. "'A petition for remission or mitigation does not serve to contest the forfeiture, but rather is a request for an executive pardon

3

received, the notice published in the Wall Street Journal stated the deadline to file a claim was January 1, 2009. (Id. at 19-22.)

On December 10, 2008, Louis Pilato, counsel for movant Jess Raymond Brasier, sent a letter to the DEA Forfeiture Counsel. (Id. at 23.) The DEA received this letter on December 15, 2008. (Id.) This letter, titled "Petition for Remission or Mitigation of Jess Raymond Brasier....Regarding 2000 Ford F350 Truck," stated, in relevant part,

> Last month, notices were sent to family members concerning their right to file claims, etc. and my office was contacted to provide legal assistance. As you can see from the attached documentation, claims are being filed with respect to the items seized. Regrettably, however, everyone lost sight of the fact that the deadline for the subject items was earlier and different than all/any of the others. Given the said circumstances, and hoping you will be understanding and fair with respect to the situation, I am requesting remission or mitigation of the forfeiture of the subject items so that a claim can be filed with respect to it as well.

(Id.)

Attached to counsel Pilato's letter was the request for remission or mitigation regarding the truck. (Id. at 24.) This request, signed by movant Jess Raymond Brasier on December 10, 2008, also states that "last month, notices were sent to family members concerning their right to file claims, etc...Regrettably, however, everyone lost sight of the fact that the deadline for the subject item was earlier and different than all/any of the others." (Id.)

On January 5, 2009, the DEA sent a letter to counsel Pilato responding to his request for remission or mitigation regarding the truck. (Id. at 26.) This letter stated that if counsel's intention was to file a claim, the time period to file a claim expired on December 8, 2008. (Id. at 26.) The letter then stated that the client's "only available option in seeking return of the property is through a Petition for Remission or Mitigation of Forfeiture (petition)." (Id.)

---

of the property based on the petitioner's innocence.'" Id., quoting Ibarra v. U.S., 120 F.3d 472, 475 (4th Cir. 1997). "'[U]nder remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture on fairness grounds.'" Id., quoting Ibarra, 120 F.3d at 475.

The letter then stated, "Therefore, your client's submission will be considered as a Petition for Remission or Mitigation of Forfeiture and will be ruled on by this office." (Id.) The letter concluded that it was anticipated that it would take a minimum of 120 days for the DEA to rule on the merits of the petition. (Id.)

The January 5, 2008 letter from the DEA was sent by certified mail, return receipt requested, to counsel Pilato. (Id. at 27.) On January 8, 2009, the notice was claimed and signed for as having been delivered. (Id.)

On January 26, 2009, the DEA sent a "form" letter by certified mail to counsel Pilato, return receipt requested, acknowledging the petition for remission and/or mitigation, stating that it would be ruled on administratively. (Id. at 28.) On February 2, 2009, the letter was claimed and signed as having been delivered. (Id. at 30.)

On February 23, 2009, having not received any timely claim, the DEA administratively forfeited the truck pursuant to 19 U.S.C. § 1609. (Id. at 31.)

On April 22, 2009, the DEA sent counsel Pilato a letter by certified mail, return receipt requested, denying the petition for remission or mitigation regarding the truck. (Id. at 32-34.) The letter stated that a request for reconsideration could be submitted within ten days of the receipt of the letter. (Id.) On May 4, 2009, the letter was claimed and signed for as having been delivered. (Id. at 35.) No request for reconsideration was filed.

On October 13, 2011, the DEA received a letter from movant Jess Raymond Brasier titled "Petition for Remission." (Id. at 36-37.) In this letter, movant Jess Raymond Brasier stated that he did not receive notice of the seizure of the truck. (Id.) The letter stated that the notices incorrectly stated that the truck was owned by his father, Jess Vernon Brasier. (Id.) The letter also stated that movant Jess Raymond Brasier had received no response to his petition for remission or mitigation. (Id.) The letter also stated that movant Jess Raymond Brasier had received no Notice of Forfeiture. (Id.) Attached to this letter was a certificate of title for the truck showing movants Jess Raymond Brasier and Deborah Ann Brasier as registered owners,

with an address of 57 Nelsier Place, Oroville, California. (Id. at 38.)

On October 20, 2011, the DEA sent movant Jess Raymond Brasier a letter, by certified mail, return receipt requested, informing him that counsel Pilato had previously entered an appearance in the administrative forfeiture proceeding on his behalf. (Id. at 40.) For that reason, the DEA could not communicate with movant Jess Raymond Brasier. (Id.) On October 28, 2011, this letter was claimed and signed for by movant Deborah Brasier as having been delivered. (Id. at 41.) A copy of the letter was also sent to counsel Pilato. (Id. at 40.)

On May 3, 2012, the DEA sent movant Jess Raymond Brasier a letter by certified mail, return receipt requested, stating that his petition for remission or mitigation was denied on April 22, 2009. (Id. at 42.) The letter also stated that since movant Jess Raymond Brasier had not filed a timely request for reconsideration, he had exhausted his administrative remedies more than three years ago. (Id.)

III. Discussion

In their motion, movants move for return of their property pursuant to Federal Rule of Civil Procedure 41(b). However, the forfeiture proceeding at issue in this case was instituted after April 25, 2000, thus the provisions of the Civil Asset Forfeiture Reform Act ("CAFRA") apply. See United States v. Ritchie, 342 F.3d 903, 909 n. 1 (9th Cir. 2003). Because CAFRA applies, 18 U.S.C. § 983 is movants' exclusive remedy. See 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); see also United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004); United States v. Stevens, 2009 WL 55919 at *3–4 (E.D.Cal. Jan. 7, 2009) (citing Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2009)).

Thus, once administrative proceedings are complete, district courts lack jurisdiction to review the merits of the action, and may only review to determine whether due process and procedural requirements were met. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (citing Arango v. U.S. Dep't of the Treasury, 115 F.3d 922, 925

(11th Cir. 1997)).

Pursuant to section 983, in order to set aside a declaration of forfeiture, the claimant must demonstrate that "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to make a timely claim." 18 U.S.C. § 983(e)(1).

Movants argue that they received inadequate notice of the seizure of their truck and had no knowledge of the seizure.

### A. Knowledge of the Seizure

At the outset, the undersigned clarifies that movant Jess Raymond Brasier filed a timely petition for remission. The DEA denied the petition for remission on the merits. The issue is whether movants had knowledge of the seizure of their truck within sufficient time to make a timely claim on or before December 8, 2008.

For the reasons stated herein, the undersigned finds that movants had knowledge of the seizure of the truck within sufficient time to make a timely claim.

Counsel Pilato's letter to the DEA and the petition for remission signed by movant Jess Raymond Brasier demonstrate that movant Jess Raymond Brasier had knowledge of the seizure of his truck within sufficient time to make a timely claim. In the December 10, 2008 letter to the DEA on movant Jess Raymond Brasier's behalf, counsel Pilato stated that "last month, notices were sent to family members concerning their rights to file claims, etc." and his office was contacted to provide legal assistance. (ECF No. 138-1 at 23.) Counsel Pilato acknowledged that "everyone lost sight" of the deadline for filing claims, but that he was submitting the (timely) petition for remission. (Id.) In the petition for remission accompanying counsel Pilato's letter, movant Jess Raymond Brasier also acknowledged that notices were sent to family members in the previous month regarding the right to file claims. (Id. at 24.) Movant Jess Raymond Brasier also states that "everyone lost sight" of the deadline for filing claims. (Id.)

The fact that movant Jess Raymond Brasier and his lawyer overlooked the deadline for filing a claim does not impact the finding that movant Jess Raymond Brasier had knowledge of the seizure of his truck in time to make a timely claim.

In addition, while the "aka" notices were not directly addressed to movant Jess Raymond Brasier, someone crossed out the "aka" between the names Jess Vernon Brasier and Jess Raymond Brasier on the notices and wrote "or." Because movant Deborah Brasier signed these notices, it is not unreasonable to infer that she made this change to the notices. Under these circumstance, the "aka" notices, signed for and interlineated by movant Jess Raymond Brasier's mother, a co-owner of the at-issue truck, are also evidence that movant Jess Raymond Brasier had knowledge of the seizure of his truck.[2]

As for movant Deborah Ann Brasier, as discussed above, on November 6, 2008, she signed four notices of seizure regarding the truck. Her signatures on these notices undermine any claim that she did not have knowledge of the seizure of the truck in sufficient time to file a claim.

In addition, the record demonstrates that both movants lived at the properties where the truck was seized. The truck was registered to both movants at 57 Nelsier Place, Oroville, California. (ECF No. 138-1 at 38.) Deborah Brasier signed for the notices of forfeiture that were mailed to the three properties. As noted by the government in the opposition, movants do not, and cannot, explain how they lived at the properties during the operative events (search

---

[2] Movant Jess Raymond Brasier also claims that he was prevented from filing a request for reconsideration of the DEA decision denying his petition for remission because the decision was wrongly served on attorney Pilato, who did not represent him during those proceedings. Movants' ability to file a request for reconsideration of the decision denying the petition for remission is not at issue here. In any event, the December 10, 2008 letter from counsel Pilato to the DEA indicates that counsel Pilato represented movant Jess Raymond Brasier in the petition for remission proceedings. In his declaration submitted in support of the petition for remission, movant Jess Raymond Blasier stated, "As my attorney stated...", referring to the letter by attorney Pilato. For these reasons, the undersigned is not persuaded by movant's argument that he was not represented by counsel in the petition for remission proceedings. Accordingly, the DEA properly served their decision regarding the petition for remission on counsel Pilato.

and certified mailings), signed for the DEA letters, hired a lawyer to file a petition for remission for the truck, and yet were unaware of the seizure and forfeiture of the truck.

For the reasons discussed above, the undersigned finds that both movants had knowledge of the seizure of their truck within sufficient time to make a claim by December 8, 2008.

B. Reasonable Notice

"The Due Process Clause of the Fifth Amendment prohibits the United States ... from depriving any person of property without 'due process of law.'" Dusenbery v. United States, 534 U.S. 161, 167 (2002). "[I]ndividuals whose property interests are at stake are entitled to notice and an opportunity to be heard." Id. Due process requires only that the notice afforded to interested persons be "'reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 168 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

CAFRA's requirement that the government take reasonable steps to provide potential claimants with notice mirrors the requirements of the Due Process Clause. Due process plainly does not require actual notice. See id. at 170–71 (rejecting inmate's claim that the government was required to assure delivery of notice of forfeiture to his cell and noting that "our cases have never required actual notice").

The two notices regarding seizure of the truck addressed to movant Deborah Brasier, and signed by her, demonstrate that the government took reasonable steps to provide her with notice.

Movants argue that the notices sent to Jess Vernon Brasier, aka Jess Raymond Brasier, did not provide sufficient notice of the seizure of the truck to movant Jess Raymond Brasier. In determining whether the challenged notice was reasonable, the court looks to whether the notice was " sufficient to put a reasonable person on notice that the order was important ...." Toure v. U.S., 24 F.3d 444, 446 (2d Cir. 1994).

The "aka" notices contained movant Jess Raymond Brasier's name and concerned a truck he owned. Under these circumstances, the notices were sufficient to put a reasonable person on notice that the notices concerned property owned by Jess Raymond Brasier. For these reasons, the notices did not violate due process.

In any event, as discussed above, the record demonstrates that movant Jess Raymond Brasier had actual knowledge of the seizure of his truck with sufficient time to make a timely claim. Under these circumstances, the allegedly defective alias notice did not violate due process. See Gonzales-Gonzales v. United States, 257 F.3d 31, 36 (1st Cir. 2001) (if an interested party has actual knowledge of ongoing forfeiture proceedings from other sources, inadequacies of the notice afforded by the government will not work a deprivation of due process); Upshaw v. United States Customs Serv., 153 F.Supp.2d 46, 51 (D.Mass. 2001) (rejecting argument based on lack of written notice because the claimant had actual notice of the non-judicial forfeiture proceedings within sufficient time to submit a timely claim); United States v. $10,000.00 in United States Currency, 2007 WL 2330318, at *4 (S.D.Cal. Aug. 13, 2007) (noting that a person with actual notice of the seizure who did not receive a written notice and did not timely file a claim loses his or her right to set aside a forfeiture).

Finally, the government published notice of the vehicle seizure in The Wall Street Journal once a week for three successive weeks. This record demonstrates that the government took reasonable steps to provide movants with notice of the seizure and forfeiture of their truck.

For the reasons discussed above, the undersigned finds that the government took reasonable steps to notify both movants of the seizure and forfeiture of their truck.

Accordingly, IT IS HEREBY RECOMMENDED that movant's motion for return of property (ECF No. 133) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brasier.prop